IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GULF CATERING COMPANY FOR GENERAL TRADE AND CONTRACTING, WLL. <br><br> VS. <br><br> KELLOGG BROWN & ROOT INTERNATIONAL, INC; and KELLOGG BROWN & ROOT SERVICES, INC. | § § § § § § § § § § § § CIVIL ACTION NO. _____ |

**GULF CATERING COMPANY FOR GENERAL TRADE AND CONTRACTING'S
<u>PETITION TO CONFIRM FOREIGN ARBITRATION AWARD</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

Gulf Catering Company for General Trade and Contracting, WLL ("GCC" or "Petitioner") files this Petition to Confirm Foreign Arbitration Award and in support thereof would show the following:

**I.     INTRODUCTION**

1.     Petitioner is a limited company organized and existing under the laws of the Country of Kuwait, with its principal place of business located in Kuwait City, Kuwait.

2.     Respondents are Kellogg Brown & Root International, Inc.; and Kellogg Brown & Root Services, Inc. (collectively "KBR" or "Respondents").  Kellogg Brown & Root International, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Houston, Texas.  Kellogg Brown & Root Services, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Houston, Texas.

3. This proceeding arises under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") of June 10, 1958, and under Chapter 2 of Title 9, United States Code, and particularly Section 207 (9 U.S.C.A. § 207). The jurisdiction of this court arises under 9 U.S.C.A. § 203. *See* 9 U.S.C.A. § 203 (providing, "An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.").

4. GCC files this petition to confirm the foreign arbitration award resulting from the parties' voluntary submission of their dispute to a panel of arbitrators before the London Court of International Arbitration.

## II. ARGUMENT AND ANALYSIS

5. In 2003, at the start of "Operation Iraqi Freedom," KBR was tasked with providing various logistical services, including the provisioning of dining facilities, pursuant to a contract between KBR and the United States Government. Beginning in 2003, KBR, in turn, issued numerous subcontracts to GCC to provide food services to the troops.

6. On February 8, 2004, KBR awarded Contract SK00425 to GCC. The SK00425 Contract, is attached as Exhibit A and incorporated by reference. The written contract by its terms was to be enforceable under the laws of the State of Texas. *See Exhibit A* (providing, "Unless otherwise provided in the Subcontract Terms, this Agreement shall be construed and governed by the laws of the State of Texas.").

7. The SK00425 Contract evidences a transaction involving commerce within a foreign nation. Respondents are all organized in the United States and have their principal places

of business in Houston, Texas. GCC is a Kuwait entity. The SK00425 Contract contemplated performance and was, in fact, performed in Iraq.

8. The parties agreed in SK00425 that "any dispute, controversy of claims arising out of or in connection with this Work Release, including any question regarding its existence, validity or termination, shall be referred to and finally resolved SOLELY AND EXCLUSIVELY by arbitration under the Rules of the London Court of International Arbitration…the governing law of this contract shall be the law of Texas excluding any conflict of law provisions…the place of arbitration shall be London." See *Exhibit A*.

9. A dispute arose between the parties under the SK00425 concerning KBR's withholding of money from GCC after the United States Government withheld funds from KBR under an audit procedure. GCC brought claims against KBR seeking actual damages in the amount of $11,256,247.86, which KBR admits is due and owing to GCC but nevertheless sought to withhold from GCC because of the United States Government's withhold of funds from KBR.

10. KBR and GCC voluntarily submitted to arbitration before an arbitral tribunal of three arbitrators before the London Court of International Arbitration. On May 30, 2013, in London, the United Kingdom, the arbitration panel, having held the arbitration hearing in London on November 5, 2012 at which both parties appeared, and after consideration of all of the evidence presented at the hearing and post-hearing briefs filed by both parties, made their award in writing, acknowledged it, and delivered it to the parties. A certified copy of the original arbitration award is attached as *Exhibit B* and incorporated herein by reference. The arbitration award was granted in favor of GCC and granted the following relief:

    a. KBR, jointly and severally, is liable to and shall pay GCC the following amounts:

        1. an amount of $11, 256,247.86, and

2. pre-judgment interest in the amount of $1,432,180.37an amount of 118,831.86 GBP previously deposited by TAFGA, including accrued interest, plus 4 percent annual interest, not compounded from December 17, 2010 to the date of payment. See *Exhibit B,* pgs 28-29.

11. The parties further agreed that a "decision of a majority of the arbitrators shall be reduced to writing; final and binding ***without the right of appeal.*** Judgment upon the award may be entered in any court having jurisdiction over the person or the assets of the Party owing the judgment or application may be made to such court for a judicial acceptance of the award and an order of enforcement as the case may be." See *Exhibit A* (emphasis added).

12. Therefore, Petitioner respectfully requests that the Court issue an order confirming the arbitration award pursuant to the New York Convention. Countries that are parties to the New York Convention, including the United States and the United Kingdom, have agreed to recognize and enforce each other's arbitral awards, in accordance with the procedural rules of the location where the award is relied upon. *See Geotech Lizenz AG v. Evergreen Sys., Inc.*, 697 F.Supp. 1248, 1252 (E.D.N.Y. 1988). A foreign arbitration award is not self-executing; therefore, the arbitral award must be converted to a court judgment to be enforceable. *Schlumberger Tech. Corp. v. United States*, 195 F.3d 216, 220 (5th Cir. 1999).

13. The district court's role, however, is limited. Confirmation of a foreign arbitration award is a "summary proceeding," in which an already-final decision is converted into a court judgment. *Jiangsu Changlong Chems., Co., Inc. v. Burlington Bio-Medical & Scientific Corp.*, 399 F.Supp.2d 165, 168 (E.D.N.Y. 2005).

14. Petitioner has timely filed its Petition to Confirm Foreign Arbitration Award. A motion to confirm a foreign arbitration award must be filed within three years after the award is

made. 9 U.S.C.A. § 207. In this case, the award was made on May 30, 2013, and GCC filed its petition on June 20, 2013. Therefore, this petition was timely filed.

15. To fulfill the requirements of the New York Convention, Petitioner, as the party seeking enforcement of the arbitral award, "need only submit an authentic copy of the award, the agreement to arbitrate and, if the award is in a language other than English, a duly certified translation." *Jiangsu Changlong Chems., Co., Inc.*, 399 F.Supp.2d at 168 (citing the New York Convention, Article IV). Confirmation of a foreign arbitration award is proper if the party seeking confirmation complies with the requirements of the New York Convention. Since GCC has complied with all requirements, this Court should confirm the arbitral award in favor of Petitioner.

### III. CONCLUSION AND PRAYER FOR RELIEF

16. This petition, proposed order, and proper exhibits have been filed, and no grounds to refuse or defer the award exist. Therefore, the Court should confirm the arbitration award, and Petitioner respectfully requests that the Court confirm the foreign arbitration award and enter judgment in accordance with the award.

WHEREFORE, Petitioner GCC respectfully requests that the Court:

1. Confirm the arbitration award as against Respondents;
2. Enter its judgment in conformity with the award;
3. Grant Petitioner its costs; and
4. Award Petitioner such other and further relief as it may be justly entitled.

Respectfully submitted,

**OGDEN, GIBSON, BROOCKS, LONGORIA & HALL, L.L.P.**

By: _____
Murphy Klasing
State Bar No. 00791034
1900 Pennzoil South Tower
711 Louisiana
Houston, Texas 77002
(713) 844-3000
(713) 844-3030 Fax
email: mklasing@ogblh.com

Of Counsel:

**OGDEN, GIBSON, BROOCKS,
   LONGORIA & HALL, L.L.P.**
1900 Pennzoil South Tower
711 Louisiana
Houston, Texas 77002
(713) 844-3000
(713) 844-3030 Fax

ATTORNEYS FOR GCC